UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICK SCHOEN,**<br><br>　　　　**Plaintiff,**<br><br>　v.<br><br>**JAMIE SYCAMORE,**<br>　in his individual and official capacities,<br><br>　　　　**Defendant.** | **Civil Action No. 23-1218 (TJK)** |

## MOTION FOR ORDER OF DISMISSAL AND CONTINUING JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT

The Parties have reached a full and final settlement of this matter, as reflected in the Agreement attached to this Motion as Exhibit A. Plaintiff respectfully requests that this Court approve the terms of the Agreement, incorporate the terms of the Agreement into an order dismissing this case, and retain jurisdiction to enforce the Agreement.

This Court has the authority, but not the obligation, to accept continuing jurisdiction over the enforcement of the Agreement. In *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), the Supreme Court explained that district courts lack jurisdiction to enforce the terms of a private settlement that resolved a federal case that had been dismissed without a specific request for the federal court to retain jurisdiction to enforce it. *Id.* at 380. Thus, to achieve a settlement agreement that is enforceable in federal court, parties must submit that agreement to the court before the case is dismissed, and the court must incorporate the agreement into its order of dismissal. *Id.* The Supreme Court held that district courts have the power to

*Schoen v. Sycamore* Civil Action No. 23-1218
Settlement Agreement
Page 9 of 14

do this. *Id.* (explaining that federal jurisdiction will lie to enforce a settlement agreement where "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order" (emphasis added)); *see also* CHARLES ALAN WRIGHT, ET AL., Voluntary Dismissal—Conditions on Dismissal, 9 FED. PRAC. & PROC. CIV. § 2366 (4th ed. 2021) ("The Supreme Court has held that a district court also may condition dismissal on the parties' agreement to allow the court to enforce a settlement agreement's terms.").

The decision to accept jurisdiction to enforce a settlement agreement is within the Court's discretion, *Pigford v. Glickman*, 206 F.3d 1212, 1216 (D.C. Cir. 2000) (holding that approval of consent decrees is within sound discretion of district court), and exercising that discretion is warranted here. In evaluating whether to accept jurisdiction to enforce the agreement, courts consider whether the agreement is "fair and reasonable." *Citizens for a Better Environment v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983). That, in turn, is driven by whether the agreement "'spring[s] from and serve[s] to resolve a dispute within the court's subject matter jurisdiction, . . . comes within the general scope of the case made by the pleadings [,] . . . [and whether] the relief embodied. . . conflicts with or violates the statute upon which the complaint was based." *Sierra Club v. Browner*, No. 93-125, 1994 WL 750290, at *2 (D.D.C. Sept. 20, 1994) (internal citations and quotation marks omitted).

*Schoen v. Sycamore* Civil Action No. 23-1218
Settlement Agreement
Page 10 of 14

    This case meets those criteria. The parties' settlement agreement is fair and reasonable. Through the Agreement, Commissioner Sycamore commits that he will not block any users from his @SycamoreANC Twitter account or from any other account that he uses for official purposes, thus ensuring that he will not block users from any account on which he conducts official business on the basis of the users' protected speech. Three published circuit court opinions, and more than a dozen district court opinions, have concluded that public officials violate the First Amendment if they block users from an account used to discuss public business on the basis of users' protected speech. *See, e.g.*, *Knight First Amend. Inst. at Columbia Univ. v. Trump*, 928 F.3d 226, 236–37 (2d Cir. 2019), *cert. granted, judgment vacated as moot sub nom. Biden v. Knight First Amend. Inst. at Columbia Univ.*, No. 20-197, 2021 WL 1240931 (Apr. 5, 2021); *Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019); *and compare Campbell v. Reisch*, 986 F.3d 822, 825 (8th Cir. 2021); *see also* Joseph A. D'Antonio, Note, *Whose Forum Is It Anyway? Individual Government Officials and Their Authority to Create Public Forums on Social Media*, 69 DUKE L.J. 701, 705 n.24 (2019) (collecting district court cases). Although Commissioner Sycamore does not acknowledge that his decision to block users from his account violated the Constitution, the Agreement ensures that Commissioner Sycamore will follow the Constitution as interpreted by other courts facing similar issues, and the Agreement therefore (a) resolves a matter within the scope of this case, (b) embodies relief consistent with the legal basis of the case, and (c) violates no other law. *See Sierra Club*, 1994 WL 750290, at *2.

*Schoen v. Sycamore* Civil Action No. 23-1218
Settlement Agreement
Page 11 of 14

In addition, this issue has already been litigated in this district against another ANC member in *Hecker v. Krepp*, No. 21-CV-839 (2021). In that case, the defendant settled the case by agreeing to terms substantively identical to the terms in this Agreement. On motion from the parties, the court in *Hecker* used its discretion to retain jurisdiction to enforce the agreement as it applied to the plaintiff only. Plaintiff's counsel then learned that the defendant in Hecker violated the Agreement by blocking other members of the public. In a letter to the defendant, plaintiff's counsel wrote that "a user with the handle @nevertweety, who identifies himself as 'Jeff,' posted a screenshot showing that you have blocked him from your official D.C.-government account, @ANC6B10. I can't see the messages that lead to the blocking, but, according to Jeff, they were related to redistricting and by no means unprotected by the First Amendment. You violated Jeff's constitutional rights quite clearly." But because the court retained jurisdiction over enforcement of the agreement only insofar as it applied to the plaintiff, the defendant was, as a practical matter, able to continue violating the terms of the settlement agreement.

Here, continued jurisdiction is necessary to enforce the Agreement in its entirety, since a similarly situated defendant has already violated a substantively identical agreement. In addition, Plaintiff has evidence that on May 2, 2023, the day after the complaint in this case was filed, Defendant Commissioner Sycamore blocked a Twitter user who commented on this litigation. *See* Ex. B.

Pursuant to Local Civil Rule 7(m), undersigned counsel discussed this matter with counsel for Commissioner Sycamore and for the District of Columbia. Both

*Schoen v. Sycamore* Civil Action No. 23-1218
Settlement Agreement
Page 12 of 14

Commissioner Sycamore and the District of Columbia stated they would not oppose

Plaintiff's motion.

                              For Plaintiff:

                              */s/ Charles Gerstein*
                              CHARLES GERSTEIN
                              (D.C. Bar No. 1033346)
                              GERSTEIN HARROW, LLP
                              810 7th Ste NE, Ste. 301,
                              No. 317
                              Washington, DC 20002
                              charlie@gerstein-harrow.com
                              202-670-4809

                          Date: August 21, 2023