**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PATRICK SCHOEN,**<br><br>      **Plaintiff,**<br><br>  v.<br><br>**JAMIE SYCAMORE,**<br>  in his individual and official capacities,<br><br>      **Defendant.** | **Civil Action No. 23-1218 (TJK)** |

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Patrick Schoen sued Defendant Advisory Neighborhood Commissioner Jamie Sycamore in his personal and official capacities. The Parties now seek to settle, in full, all claims in *Schoen v. Sycamore*, D.D.C. Civil Action No. 23-1218 (the Litigation), under the terms of this settlement agreement (the Agreement). The District of Columbia (the District), although not a party to the Litigation, makes certain specific commitments.

### SETTLEMENT AND RELEASE

**I.  TERMS**

1. Commissioner Sycamore agrees that he will not in the future block or prevent Schoen from accessing his official @SycamoreANC Twitter account—or any other social media account bearing the trappings of his government office that he may use for official communication with his constituents on matters of public policy—because of his protected speech.

2. Schoen agrees that he is not blocked from access to an account that currently bears the username @SycamoreANC.

*Schoen v. Sycamore* Civil Action No. 23-1218
Settlement Agreement
Page 2 of 14

    3.    The District agrees to pay Schoen the Settlement Amount on which they are agreed.

## II. <u>RELEASE</u>

    4.    This Agreement reflects the full and final settlement of all Schoen's claims, including attorney's fees and costs incurred and invoiced by Schoen's counsel, in the Litigation.

    5.    Schoen, on behalf of himself and his heirs, executors, administrators, and assigns, releases and forever discharges Commissioner Sycamore, in his personal and official capacities, and all of his heirs, executors, administrators, and assigns, from all actions, damages, claims, and demands arising out of or in any way relating to the claims and facts involved in the Litigation.  Specifically excluded from this release is any claim to enforce the terms of this Agreement.

    6.    The United States District Court for the District of Columbia shall have jurisdiction over any claim to enforce the terms of this Agreement.  The parties shall jointly endeavor to ensure that the Court agrees it may continue to have jurisdiction to enforce this Agreement.  If the Court declines jurisdiction to enforce this Agreement, this Agreement is invalid.  For avoidance of doubt, it is a material term of this Agreement that the District Court continue to have jurisdiction to enforce this Agreement, and a failure of that term to occur, even if both Parties make best efforts, shall result in this Agreement being null and void.

    7.    Through this Agreement, Commissioner Sycamore, on behalf of himself and all of his heirs, executors, administrators, and assigns, releases and forever

*Schoen v. Sycamore* Civil Action No. 23-1218
Settlement Agreement
Page 3 of 14

discharges Schoen and his heirs, executors, administrators, and assigns from all actions, damages, claims, and demands arising out of or in any way relating to Schoen's claims and request for attorney's fees and costs and post-judgment interest associated with the Litigation. Specifically excluded from this release is any claim to enforce the terms of the Agreement.

8. The Parties understand and agree that the Settlement Amount will be paid by the District of Columbia.

### III. SCOPE OF AGREEMENT

9. Nothing in this Agreement is an admission of liability, duty, or wrongdoing by any Party or an admission that any policy, practice, or procedure of the District, its officers, officials, employees, attorneys, agents, and servants, at any time or in any way, violated federal or District of Columbia law. The District and Commissioner Sycamore deny all liability and all factual claims asserted by Schoen.

10. This Agreement creates no obligations or duties on the Parties or the District other than as stated specifically in this Agreement. This Agreement does not create any right that can be relied on or enforced by any individual who is not a party to this Agreement. The Parties stipulate, agree, and acknowledge that this Agreement is not intended to create any third-party beneficiaries.

11. The Parties agree that this Agreement constitutes the entire agreement between the Parties regarding settlement terms and Schoen's attorney's fees and costs in this Litigation and supersedes any oral or written communication regarding

this Agreement. This Agreement may not be altered, amended, modified or otherwise changed except by a writing duly executed by the Parties.

12. The Parties agree that neither this Agreement nor the payment of the Settlement Amount shall be subject to assignment.

13. Except for the continuing enforcement contemplated by ¶ 5, if any other term or other provision of this Agreement is found to be invalid, illegal, or incapable of being enforced by any rule or law, or public policy, all other conditions and provisions of this Agreement shall nevertheless remain in full force and effect so long as the economic or legal substance of the transactions contemplated here is not affected in any manner materially adverse to any Party. Upon such a determination that any term or other provision of this Agreement is invalid, illegal, or incapable of being enforced, the Parties shall negotiate in good faith to modify this Agreement to effect the original intent of the Parties as closely as possible in an acceptable manner to the end that the transactions contemplated here are fulfilled to the extent possible.

14. This Agreement shall be governed by the laws of the District of Columbia.

15. This Agreement shall be construed without regard to any presumption or other rule of law requiring construction against the Party who drafted it.

16. The undersigned representatives of the Parties and of the District certify that they are fully authorized to enter into and to execute the terms and conditions of this Agreement and to make the Agreement fully and legally binding

on and enforceable against every Party or non-Party on whose behalf they have executed the Agreement.  Schoen's counsel further represents that he executes this Agreement knowingly and voluntarily, that no promise or inducement not expressed in the Agreement has been made, and that this Agreement was freely negotiated and executed without fraud, duress, or coercion, and with full knowledge of its significance, effects, and consequences.  The individual signing for the District of Columbia is its official, acting within the scope of his or her authority.  The Parties stipulate, agree and warrant that they will not challenge or contest in any way the capacity or the authority of any Party to make the agreements, covenants and stipulations.

17. Provided that all Parties execute a copy of this Agreement, the Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute the same instrument.  Executed copies of this Agreement may be delivered by facsimile transmission, electronic mail, or other comparable means.  This Agreement shall be deemed fully executed and entered on the date of execution by the last signatory.

**IV. PAYMENT**

18. If the Court approves this Agreement and retains jurisdiction to enforce it, the District will pay the Settlement Amount, by wire transfer to the IOLTA account of Gerstein Harrow, LLP, no later than 45 days after the entry of the order approving this Agreement and retaining jurisdiction to enforce it and the District's

Schoen v. Sycamore Civil Action No. 23-1218
Settlement Agreement
Page 6 of 14

receipt of an executed IRS W-9 form from both the Plaintiff and Gerstein Harrow, LLP.

19. The District agrees to pay, by wire transfer to the IOLTA account of Gerstein Harrow, LLP, $17,000 to cover attorney's fees and costs.

20. The District agrees to pay, by wire transfer to the IOLTA account of Gerstein Harrow, LLP, $1 to cover nominal damages.

| For Plaintiff: | For Defendant and the District of Columbia: |
|---|---|
| /s/ Charles Gerstein | BRIAN L. SCHWALB |
| CHARLES GERSTEIN | Attorney General for the District of Columbia |
| (D.C. Bar No. 1033346) | |
| GERSTEIN HARROW, LLP | |
| 810 7th St NE, Ste. 301, | |
| Washington, DC 20002 | |
| gerstein-harrow.com | |
| 202-670-4809 | MATTHEW R. BLECHER [1012957] |
| | Chief, Civil Litigation Division, Equity Section |
| Date: 8/17/2023   Text | Date: 8/13/2023 |

JAMIE SYCAMORE

Date: 8/13/2023

6